IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARILYN N. WITHROW, DAVID J. WITHROW, and CHRISTOPHER J. WITHROW,<br><br>Plaintiffs,<br><br>vs.<br><br>REGIONAL WEST MEDICAL CENTER, NICHOLAS MIZELLE, DEBORAH MIZELLE, MALLORY MIZELLE, MARCI MIZELLE, COUNTY OF SCOTTSBLUFF, NEBRASKA, UNITED STATES OF AMERICA, and STATE OF NEBRASKA,<br><br>Defendants. | 8:18CV469<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on motions to dismiss filed by Deborah and Nicholas Mizelle ("the Mizelles"), Filing Nos. 23 and 38; by the United States, Filing No. 29; by the County of Scottsbluff and Scotts Bluff County Detention Center (collectively "the County Defendants"), Filing No. 34; and by Regional West Medical Center ("Regional West"), Filing No. 36.[1] This is a pro se action alleging negligence, gross negligence, and deliberate indifference in connection with the adoption of a child. The plaintiffs originally commenced this action in the District Court of Scotts Bluff County, Nebraska, and the matter was then removed to this court pursuant to 28 U.S.C. § 1346(b)(1), which grants exclusive jurisdiction to federal courts for actions brought

---

[1] Also pending are Marilyn N. Withrow's motion for clerks entry of default, Filing No. 58, the county of Scotts Bluff's motion to hold default in abeyance, Filing No. 59, Deborah Mizelle's motion for an extension of time to file a responsive pleading, Filing No. 63, Marilyn Withrow's objection to holding entry of default in abeyance, Filing No. 64 and Deborah, Mallory, Marci, and Nicholas Mizelles' strike or in the alternative for a protective order, Filing No. 68.

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Filing No. 1. Subsequently, the plaintiffs amended their complaint.[2] Filing No. 27, Amended Complaint.

I.  BACKGROUND

In their amended complaint, the plaintiffs allege that plaintiff Christopher Withrow is the biological father of a child born to Megan Mizelle, who is not a party. Plaintiffs, Marilyn and David Withrow, are Christopher Withrow's parents (the child's alleged grandparents). They seek to recover damages for the defendants' alleged failure to have Christopher J. Withrow identified on the birth certificate of the child, who was born while both parents were incarcerated on federal charges.

They allege that, on January 6, 2015, Megan Mizelle gave birth to a child at Regional West. The alleged biological father, Plaintiff Christopher Withrow, was not present for the birth, and his name was not included on the child's birth certificate. Megan Mizelle later signed a "Consent to Adoption" thereby relinquishing all of her parental rights over the child to her sister, Mallory Mizelle. Mallory Mizelle transported the child to Arizona where she ultimately adopted her.

The plaintiffs allege the United States failed to identify, or properly supervise other state or local agencies/entities in identifying the biological father on the birth certificate of the child. They allege Regional West acted with negligence, gross negligence, and "deliberate indifference" toward the plaintiffs by failing to ensure Christopher Withrow's name appeared on the child's birth certificate and failing to

---

[2] Deborah and Nicholas Mizelle's motion to dismiss, Filing No. 23, was rendered moot by the filing of the amended complaint and will be denied.

ensure the plaintiffs received a hearing for the purposes of identifying an interim guardian for the child. They assert the same claims against the County Defendants for alleged failure to observe a standard of care to ensure that the child's paternity was noted on the birth certificate, failure to ensure a hearing was held on paternity in Nebraska family or juvenile court failure to "supervise" Regional West so that the hospital would put the father's name on the birth certificate of the child, failure to notify the father of the child's birth, and failure to ensure that the mother be allowed to marry the father while incarcerated. Plaintiffs Marilyn and David Withrow allege they were denied the position of serving as interim guardians for the child and allege they have been denied a proper familial relationship with the child for more than three years.

The plaintiffs allege claims for intentional or willful negligence, "irreparable Injury," "Interference with the Chain of Custody and Child-Kidnapping (Civil)," and "Tortious Interference with Contractual Relations" against defendants Deborah and Nicholas Mizelle, based on allegations that Nicholas Mizelle chose the first name of the child and told the Withrow family he would do everything possible to prevent them from gaining custody and Deborah Mizelle sent unfavorable texts to the plaintiffs regarding paternity and removed the child from the hospital without a court hearing in Nebraska. Filing No. 27 at 7-12. Essentially, they allege that defendant Mallory Mizelle conspired to kidnap the child and then did so.

The United States seeks dismissal for failure to exhaust administrative remedies. It submits the Declaration of Gerald Auerbach showing that the plaintiffs never filed a claim under the FTCA. Filing No. 30-1. The County of Scottsbluff moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for

3

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Regional West Medical Center moves to dismiss for lack of subject matter-jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to join a necessary party under Federal Rules of Civil Procedure 12(b)(1), (3), (6), and (7).

In support of their motions to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the County Defendants, joined by Regional West, submit the Declaration of attorney Thomas J. Freeman, together with various pleadings and orders from Arizona state courts.[3] Among other things, the Regional Center and the County Defendants assert that the plaintiffs lack standing to bring this lawsuit. They have shown that plaintiff Christopher Withrow's parental rights have been terminated by the courts of the State of Arizona. They argue that the plaintiffs' alleged injuries would not be redressed by a favorable decision in this action.

Deborah and Nicholas Mizelle move to dismiss for lack of jurisdiction, failure to state a claim, improper venue, and failure to join a necessary party. They adopt the arguments presented by the County Defendants.

---

[3] The records include the opinion of the Arizona Court of Appeals in the case of *Withrow v. Mizelle*, 1 CA-CV 17-0585 FC, filed on August 28, 2015. Filing No. 35-2. Exhibit ("Ex.") A (stating that the Arizona juvenile court recognized plaintiff Christopher Withrow as the biological father of the child, but terminated his parental rights, finding that Christopher Withrow had been convicted of a felony and would be incarcerated for a length of time that would deprive the child of a normal home for a period of years and severance was in the child's best interests). The Court of Appeals characterized the action as "an attempt to circumvent the juvenile court's order terminating his parental rights" and stated it had affirmed that order and would not revisit it. *Id.* at 3. Also, in the record is a detailed memorandum opinion from the Arizona court of appeals affirming the severance order Case Nos. 1 CA-JV 17-0087 and 1 CA-JV 17-0350, filed on October 12, 2017 and letter from the Arizona Supreme Court denying Petition for Review, dated June 12, 2018. Filing No. 35-3, Ex. B; *see also* 2017 WL 4545960 (Ariz. App. Oct. 12, 2017). The County Defendants also submit a Petition to Establish Paternity/Require Paternity Testing, filed by Stephanie Withrow, POA for James Withrow in Superior Court of Maricopa County, Arizona on February 17, 2015, Filing No. 35-4, Ex. C, and a Petition for Third Party Custody and Grandparent Visitation Pursuant to A.R.S.§ 25-409, filed by David and Marilyn Withrow in the Superior Court of Maricopa County, Arizona on April 13, 2015, Filing No. 35-5, Ex. D.

In opposition to the motions, the plaintiffs present largely frivolous and unsupported arguments invoking inapplicable Nebraska and federal contractor law. Filing Nos. 49-1, 51 and 52.

II. LAW

A motion to dismiss based on standing is properly brought under Rule 12(b)(1), because standing is a jurisdictional matter. *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018). Jurisdiction is a threshold issue for this Court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000)

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

"The issue of standing involves constitutional limitations on federal court jurisdiction under Article III of the Constitution, which confines the federal courts to adjudicating actual 'cases and controversies.'" See *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 716 (8th Cir. 2017) (stating that "Article III extends judicial power only to 'cases' and 'controversies'"). Constitutional standing (as opposed to statutory standing) is a threshold question that determines whether a federal court has jurisdiction over a plaintiff's claims. *Id.* "This limitation imposes as an 'irreducible constitutional minimum' the burden on [the plaintiff] to establish that he personally '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, ––– U.S. –––, 136 S. Ct. 1540, 1547 (2016) (quotation omitted)); *see also Town of Chester v. Laroe Estates, Inc.*, –- U.S. –––, 137 S. Ct. 1645, 1650 (2017).

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). For an injury to be particularized, it must affect the plaintiff in a personal and individual way. *Id.* at 1548. Particularization is necessary to establish injury in fact, but it is not sufficient—an injury in fact must also be "concrete." *Id.* A "concrete" injury must be "de facto;" that is, it must actually exist. *Id.* (meaning real, not abstract). "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id.* at 1549 (noting that "though tangible injuries are perhaps easier to

recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete" (quoting *Lujan*, 504 U.S. at 560)).

An injury is fairly traceable if the plaintiff shows "a causal connection between the injury and the conduct complained of" that is "not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations in original?) (internal quotation omitted); *see Carlsen v. GameStop, Inc.*, 833 F.3d 903, 909–10 (8th Cir. 2016).

"'The domestic relations exception [to federal jurisdiction]. . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child support,' including 'the distribution of marital property.'" *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013) (quoting *Kahn v. Kahn*, 21 F.3d 859, 861 8c 1994). "*Kahn* thus stands for the proposition that a federal suit is 'inextricably intertwined' with a state domestic proceeding, thereby depriving the federal court of subject matter jurisdiction, where the requested federal remedy overlaps the remedy at issue in the state proceeding." *Id.* "This occurs where the federal suit involves a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." *Id.*; *see also Rogers v. Janzen*, 891 F.2d 95, 97–98 (5th Cir. 1989) (noting that this exception to federal jurisdiction is founded on "the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts."); *Irish v. Irish*, 842 F.3d 736,

740 (1st Cir. 2016) (noting that chief among the policy considerations that underlie the exception "is the desire 'to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts)), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum'" (quoting *Dunn v. Cometa*, 238 F.3d 38, 41 (1st Cir. 2001)).

An action may not be commenced in federal court under the FTCA unless the plaintiff has first presented his claim to the appropriate federal agency, and that claim has been denied. *McCoy v. United States*, 264 F.3d 792, 794 (8th Cir. 2001); *see* 28 U.S.C. § 2675(a). Compliance with the FTCA "is a jurisdictional prerequisite, since the FTCA acts as a waiver of the federal government's sovereign immunity." *McCoy*, 264 F.3d at 794.

"Unlike Article III standing, statutory standing is not jurisdictional." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014) (involving Lanham Act). Thus, dismissal for lack of statutory standing is properly addressed as a matter of pleading under Rule 12(b)(6), rather than under Rule 12(b)(1). *See id.* To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *GameStop*, 833 F.3d at 910. The court considers

8

"only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Id.* at 911 (quoting *Cox*, 685 F.3d at 668).

## III. DISCUSSION

The Court finds that it lacks subject matter jurisdiction over the plaintiffs' claims for several reasons. The plaintiffs have not sustained their burden to show they have Article III standing to pursue their claims. They have not alleged a concrete and particularized injury that is redressable in this Court. The evidence presented to the Court, including the plaintiffs' own filings, clearly demonstrates that the issues have been decided in Arizona state domestic relations courts. The parental rights of plaintiff Christopher Withrow, the rights of plaintiffs David and Marilyn Withrow as grandparents, and custody, visitation, and the adoption of the child by Mallory Mizelle—her biological aunt—have been fully and exhaustively litigated in the courts of the State of Arizona. This action is squarely within the domestic relations exception to federal court jurisdiction.[4]

Also, sovereign immunity bars this Court's jurisdiction over the plaintiff's claims against the United States because the plaintiffs have failed to exhaust their administrative remedies under the FTCA.

Alternatively, the Court finds the plaintiff's amended complaint fails to state a claim for relief for numerous reasons. The Mizelles, the County Defendants, and the Regional Center have shown that they have no duty to the plaintiffs that would give rise to a claim for negligence. Neither federal prisons nor hospitals are under an obligation

---

[4] In light of this determination, the Court need not address the defendants' Full Faith and Credit Clause argument or their arguments that res judicata or collateral estoppel bar the plaintiffs' claims.

9

to, nor are they equipped to, adjudicate disputes about paternity. There is no evidence that Christopher Withrow or his parents attempted to establish paternity or obtain other relief in Nebraska courts. Instead, the record shows the plaintiffs filed legal proceedings in Arizona and thereby consented to the jurisdiction of the Arizona courts. Filing No. 35-2 to 35-4. To the extent the plaintiffs attempt to assert a Constitutional claim, they have not alleged conduct that shocks the conscience to allege a substantive due process claim and the evidence shows they have been provided all the process due under the procedural component of the Due Process Clause. The plaintiffs largely frivolous and conclusory allegations do not state a plausible claim for relief.

The Court finds the plaintiffs' amended complaint is subject to dismissal for lack of jurisdiction and, alternatively, for failure to state a claim for relief. Resolution of this issue renders the other pending motions in this action moot. Accordingly,

IT IS ORDERED:

1. Deborah and Nicholas Mizelle's motion to dismiss (Filing No. 23) is denied as moot.

2. Deborah and Nicholas Mizelle's motion to dismiss (Filing No. 38) is granted.

3. The United States' motion to dismiss (Filing No. 29) is granted.

4. The County of Scottsbluff's and Scotts Bluff County Detention Center's motion to dismiss (Filing No. 34) is granted.

5. Regional West Medical Center's motion to dismiss (Filing No. 36) is granted.

6. Marilyn N. Withrow's motion for clerks entry of default (Filing No. 58), the County of Scotts Bluff's motion to hold default in abeyance (Filing No. 59), Deborah Mizelle's motion for an extension of time to file a responsive pleading (Filing No. 63), and Marilyn Withrow's objection to holding entry of default in abeyance (Filing No. 64) are denied as moot .

6. This action is dismissed. A judgment of dismissal will be entered this date.

Dated this 24th day of January 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge